## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALICE MAIER,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **MACY'S, INC., trading as "MACY'S,"** | **NO. 17-501** |
| **Defendant.** | |

**DuBois, J.**                                                    **April 9, 2018**

## M E M O R A N D U M

### I.        INTRODUCTION

This is a tort action arising out of a slip and fall incident that occurred while plaintiff was shopping at a Macy's Department Store in Langhorne, Pennsylvania on January 11, 2015. Plaintiff alleges in the Complaint that she reached for a shoe on display, and the pedestal upon which the shoe was sitting moved, causing plaintiff to fall and fracture her pelvis. Presently before the Court is Macy's Retail Holdings, Inc,'s ("Macy's") Motion for Summary Judgment. Because a reasonable jury could find that Macy's breached its duty of care owed to plaintiff, the Court denies defendant's Motion for Summary Judgment.

### II.        BACKGROUND

The facts below are drawn from the record before the Court, which the Court construes in the light most favorable to the nonmoving party, as it must in a motion for summary judgment. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The material facts may be summarized as follows:

Plaintiff was shopping at Macy's in the Oxford Valley Mall in Langhorne, Pennsylvania on January 11, 2015. Pl. Dep. Tr. 17: 20–18:8. Plaintiff was 80 or 81-years-old at the time of

the accident[1].  Pl. Dep. Tr. 10:18–19.  While shopping in the women's shoe department, plaintiff reached to pick up a shoe to see the price tag on the bottom of the shoe.  Pl. Dep. Tr. 25:3–8, 28:16–18.  The shoes were displayed on pedestals on a table with a glass top.  Pl. Dep. Tr. 26:19–25.  When plaintiff reached for the shoe, the pedestal upon which the shoe was displayed moved, causing plaintiff to lose her balance and fall.  Pl. Dep. Tr. 28:20–29:19.  Plaintiff stated that she touched the shoe, but not the pedestal.  Pl. Dep. Tr. 30:16–18.  As a result of the fall, plaintiff fractured her pelvis, was hospitalized for a week, and spent two weeks in a nursing care facility.  Pl. Dep. Tr. 38:7–41:6.

## III.     LEGAL STANDARD

### A.     Motion for Summary Judgment

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is material when it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Id.* at 249.  The existence of a "mere scintilla" of evidence in support of the nonmoving party is insufficient.  *Id.* at 252.  In considering a motion for summary judgment, "the [C]ourt is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and

---

[1] Plaintiff's birthdate is not included in the record.

resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 467 F.3d 180, 184 (3d Cir. 2007).

### B.     Negligence and Premises Liability

"The elements necessary to plead an action in negligence are: the existence of a duty or obligation recognized by law; a failure on the part of the defendant to conform to that duty, or a breach thereof; a causal connection between the defendant's breach and the resulting injury; and actual loss or damage suffered by the complainant." *Orner v. Mallick*, 527 A.2d 521, 523 (Pa. 1987).

Under Pennsylvania law, possessors of a premises "owe a duty to protect invitees from foreseeable harm;" that is, possessors owe a duty when the possessor "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee." *Craig v. Franklin Mills Assocs., L.P.*, 555 F. Supp. 2d 547, 549 (E.D. Pa. 2008) (quotation marks and citations omitted).  To show that the possessor of the premise knew or, through reasonable care, should have known of the harmful condition, the invitee must present evidence that the possessor "had a hand in creating the harmful condition," had actual notice, or had constructive notice of the harmful condition.  *Estate of Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 723 (Pa. Super. Ct. 1997) (citation omitted).


### IV.     DISCUSSION

The parties do not dispute the facts of the underlying incident.  The only issue for the Court to decide is whether Macy's is entitled to judgment as a matter of law based on the facts presented in the record.  In other words, the Court must decide whether a reasonable jury could find that Macy's breached its duty of care owed to plaintiff.

Macy's argues that there is no evidence that it breached any duty of care. More specifically, Macy's argues that there is no evidence that the "table, pedestal or display as a whole was [sic] in any way dangerous or defective, or that it breached any law, rule, regulation, statute, or national retail standard." Def.'s Mot. for Summary Judgment ¶ 20. In her response, plaintiff argues that Macy's knew or should have known that the display—specifically, the fact that lifting the shoe would cause the pedestal to move—created an unreasonable and unexpected risk to invitees.

During the time that plaintiff was shopping at Macy's, she was an "invitee." *See Restatement (Second) of Torts* § 332 (defining "invitee" to include "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land"). Possessors of land owe a duty to protect invitees from foreseeable harm, but only when the possessor "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees." *Restatement (Second) of Torts* § 343. Macy's knew or should have known about the condition because it created the allegedly dangerous shoe display. *See Neve v. Insalaco's*, 771 A.2d 786, 791 n.5 (citing *Zito v. Merit Outlet Stores*, 647 A.2d 573, 575 (Pa. Super. 1994)) (holding that an invitee can satisfy its burden by establishing that the proprietor helped create the harmful condition). The remainder of the inquiry involves questions of fact that must be determined by a jury, not this Court. The Court concludes that, based on the record, a reasonable jury could find that Macy's should have realized that the display involved an unreasonable risk of harm to invitees such as plaintiff. The Court therefore denies defendant's Motion for Summary Judgment.

**V.      CONCLUSION**

For the foregoing reasons, Macy's Motion for Summary Judgment is denied.  An appropriate order follows.